PETER H. AJEMIAN, ESQ., Nevada Bar No. 9491
pajemian@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135

*Attorneys for Plaintiff Wynn Resorts Holdings, LLC*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106 -4614
702.382.2101

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WYNN RESORTS HOLDINGS, LLC, a Nevada limited liability company

Plaintiff,

v.

2335 LLC, a District of Columbia limited liability company; and ABEBA BEYENE, Individually,

Defendants.

**CASE NO.:**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

(1) Trademark Infringement under 15 U.S.C. § 1114
(2) Unfair Competition under 15 U.S.C. § 1125(a)
(3) Trademark Dilution under 15 U.S.C. § 1125(c)
(4) State Trademark Dilution under NRS 600.435
(5) Common Law Trademark Infringement
(6) Cybersquatting under 15 U.S.C. § 1125(d)

Wynn Resorts Holdings, LLC (together with its affiliated entity, Wynn Las Vegas, LLC, "Plaintiff"), for its Complaint against 2335 LLC, and Abeba Beyene (collectively "Defendants"), alleges as follows:

**NATURE OF THE CASE**

1. This is an action for trademark infringement, unfair competition, trademark dilution and cybersquatting under federal statutes, with pendent state and common law claims for trademark dilution and trademark infringement.

2. This action arises out of Defendants' unlawful and unauthorized adoption and use of the trademark XS and logo, and domain name incorporating the valuable XS trademark, in connection with bar, restaurant and nightclub services.

3. Defendants' XS trademark is confusingly similar to and dilutive of Plaintiff's XS trademarks, which Plaintiff uses in connection with a variety of goods and services, including entertainment, nightclub, cocktail lounge, bar and restaurant services, among other things, in connection with its world famous, multi-million dollar casino resorts located in Las Vegas, Nevada.

4. By using a trademark that is confusingly similar to Plaintiff's trademark in connection with services that are the same and/or highly related to those offered by Plaintiff, Defendants are misleading consumers into falsely believing that its business activities are affiliated with, sponsored by or associated with Plaintiff, when indeed they are not.

5. Through this action, Plaintiff seeks damages, attorneys' fees, costs, and preliminary and permanent injunctive relief.

**PARTIES**

6. Plaintiff Wynn Resorts Holdings, LLC is a Nevada limited liability company doing business in Las Vegas, Nevada.

7. Plaintiff is informed and believes and thereon alleges that Defendant 2335 LLC is a limited liability company doing business in the District of Columbia.

8. Plaintiff is informed and believes and thereon alleges that Defendant Abeba Beyene is an individual, residing in Washington, D.C.

**JURISDICTION AND VENUE**

9. This Court's assertion of subject matter jurisdiction over this case is proper pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court's assertion of supplemental jurisdiction over Plaintiff's state and common law claims is proper pursuant to 28 U.S.C. § 1367(a).

10. This Court's assertion of personal jurisdiction over Defendants is proper based upon its purposeful direction of infringing conduct at Plaintiff in the State of Nevada, which

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

caused and continues to cause Plaintiff harm in the State of Nevada. Specifically, Defendants purposefully directed its activities toward the District of Nevada when it willfully infringed Plaintiff's intellectual property rights, knowing that Plaintiff is headquartered in the District of Nevada. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 379 F.3d 1120, 1124–25 (9th Cir. 2004).

11. Venue is proper in the unofficial Southern Division of the United States District Court for the District of Nevada under 28 U.S.C. §§ 1391(b) and 1391(c).

**PLAINTIFF'S RIGHTS IN ITS FAMOUS XS MARKS**

12. Plaintiff owns and operates the Wynn Las Vegas and Encore luxury resorts, casinos and hotels in Las Vegas, Nevada (together, "Wynn"), which hold more Forbes five-star awards than any other casino resorts in the world, and are considered to be among the finest hotels in the world.

13. Plaintiff has acquired the rights, since at least 1996, to exclusively offer in commerce entertainment, bar and restaurant services under the XS brand throughout the United States.

14. Additionally, since at least as early as 2008, Plaintiff has continually offered and promoted entertainment, nightclub, cocktail lounge, bar and restaurant services to millions of consumers at Wynn under its famous XS brand.

15. Plaintiff's rights in its famous XS brand are evidenced by the following federal trademark registrations for the word mark XS with the United States Patent and Trademark Office ("USPTO") (collectively, the "XS Word Marks"):

a. **XS** in Class 41 for special event planning; arranging and conducting nightclub entertainment events; night club services (Reg. No. 3,981,821);

b. **XS** in Class 43 for restaurant and bar services; cocktail lounges (Reg. No. 4,056,589); and

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

   c. **XS** in Classes 41 and 42 for entertainment in the nature of indoor and outdoor amusement complexes; restaurant services, namely, restaurant and bar services (Reg. No. 2,158,323).

16. Additionally, Plaintiff owns the following trademark registration with the USPTO for the distinctive XS design logo (the "XS Design Mark" and collectively, with the XS Word Marks, the "XS Marks"), as follows:

a. **XS (and design)** in Classes 41 and 43 for special event planning for social entertainment purposes; arranging and conducting nightclub entertainment events; night club services; bar and cocktail lounge services (Reg. No. 4,009,078).

17. Plaintiff's federal trademark registrations for the XS Marks have not been abandoned, cancelled or revoked.

18. Plaintiff has priority of use of its XS Marks, and since adopting the XS Marks, Plaintiff has continuously used the XS Marks at Wynn and prominently in nationwide promotion of Plaintiff's services, including entertainment, nightclub, cocktail lounge, bar and restaurant services.

19. Plaintiff protects its rights in the XS Marks by, among other things, asserting such rights against trademark infringers upon discovering infringing activity.

20. Plaintiff makes extensive use of the XS Marks on, amongst other things, signage and promotional materials.

21. Plaintiff has also invested substantial sums of money to advertise, promote and protect the XS Marks in print, broadcast and Internet media, including, for example, at www.wynnlasvegas.com, www.wynnsocial.com and www.xslasvegas.com, which are accessible throughout the United States and around the world.

22. Since Plaintiff adopted the XS Marks, millions of patrons from throughout the United States and the world have visited Wynn.

23. As a result, the XS Marks have developed a substantial level of customer recognition and have acquired fame throughout Nevada, the United States, and the world.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

24. Based on its federal trademark registrations and extensive use, Plaintiff owns the exclusive right to use the XS Marks in Nevada and throughout the United States in connection with entertainment, nightclub, cocktail lounge, bar and restaurant services.

25. Based on Plaintiff's extensive and exclusive use of the marks in commerce, Plaintiff also owns broad common law trademark rights in the XS Marks for a variety of goods and services, including entertainment, nightclub, cocktail lounge, bar and restaurant services.

26. The XS Marks were inherently distinctive at the time Plaintiff began using them in commerce, and since that time have become famous throughout Nevada and the United States in connection with Plaintiff's entertainment, nightclub, cocktail lounge, bar and restaurant services.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

## DEFENDANT'S INFRINGING ACTIVITY

27. Recently, Plaintiff discovered that Defendants promote and operate a bar, restaurant and nightclub in Washington, DC under the mark XS, which incorporates the XS Word Marks in their entirety, including an exact replica of the XS Design Mark (the "Infringing XS Marks").

28. Plaintiff is informed and believes and thereon alleges that Defendants own the registered domain name <xsnightclubdc.com> (the "Infringing Domain Name") and operate a website available at http://xsnightclubdc.com/, which promotes Defendants' bar, restaurant and nightclub services under the Infringing XS Marks.

29. Plaintiff is informed and believes and thereon alleges that Defendants operate or operated Facebook accounts, at https://www.facebook.com/xsnightclubdc/, https://www.facebook.com/Xsclubdc/, https://www.facebook.com/XS-Saturdays-DC-310432316052160/ and https://www.facebook.com/Xs-Nightclub-DC-143027899087862/, which promote Defendants' bar, restaurant and nightclub services under the Infringing XS Marks.

30. Plaintiff is informed and believes and thereon alleges that Defendants also promote or promoted its bar, restaurant and nightclub services under the Infringing XS Marks on other social media websites, including Instagram and Twitter, available at

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

https://www.instagram.com/explore/locations/263662367393927/xs-dc/ and https://www.instagram.com/explore/locations/237115710083262/xs-nightclub-dc/, and https://twitter.com/xsnightclubdc,

31. Defendants have been on actual notice of Plaintiff's prior XS Marks since at least May of 2017.

32. Defendants did not obtain Plaintiff's consent or authorization to use the Infringing XS Marks in connection with bar, restaurant and nightclub services.

33. Plaintiff is informed and believes and thereon alleges that by using the Infringing XS Marks, especially an exact copy of the XS Design Mark, in connection with bar, restaurant and nightclub services, Defendants were and are attempting to trade on the goodwill associated with the XS Marks.

34. Plaintiff is informed and believes and thereon alleges that by using the Infringing XS Marks, especially an exact copy of the XS Design Mark, in connection with bar, restaurant and nightclub services, Defendants were and are attempting to create an association between its services and the services associated with the XS Marks, in a manner that is likely to harm the goodwill represented by the XS Marks.

35. Plaintiff is informed and believes and thereon alleges that Defendants do not have a bona fide trademark or other intellectual property rights in the Infringing XS Marks.

36. Plaintiff is informed and believes and thereon alleges that Defendants do not believe or have reasonable grounds to believe that its use of the Infringing XS Marks was a fair use or was otherwise lawful.

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Infringement – 15 U.S.C. § 1114)**

37. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

38. By using the Infringing XS Marks, Defendants intentionally and knowingly used and continues to use in commerce reproductions, counterfeits, copies and/or colorable imitations of Plaintiff's trademarks in connection with the sale, offering for sale, or

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

advertising of services in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with Plaintiff.

39. Defendants' use of the Infringing XS Marks has created a likelihood of confusion among consumers who will falsely believe that the Defendants are associated with Plaintiff or that Plaintiff has sponsored or approved of Defendants' services or commercial activities.

40. Defendants' continued and knowing use of the Infringing XS Marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federal registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

41. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

42. In addition to monetary damages, Plaintiff is entitled to preliminary and permanent injunctive relief preventing Defendants' continued infringement of Plaintiff's rights in the XS Marks.

**SECOND CLAIM FOR RELIEF**

**(Unfair Competition: False Designation of Origin – 15 U.S.C. § 1125(a)(1)(A))**

43. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

44. Defendants' use of the Infringing XS Marks constitutes intentional conduct by Defendants to make false designations of origin and false descriptions about Defendants' services and commercial activities, in violation of 15 U.S.C. § 1125(a)(1)(A).

45. Defendants' actions have created a likelihood of confusion among consumers who will falsely believe that the services Defendants offer in connection with the Infringing XS Marks are produced by, affiliated with, or associated with Plaintiff when, in fact, they are not.

46. Plaintiff is informed and believes and thereon alleges that Defendants acted knowingly, deliberately, and willfully with the intent to trade on Plaintiff's reputation.

47. Defendants' conduct is willful, wanton and egregious.

48. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

49. In addition to monetary damages, Plaintiff is entitled to preliminary and permanent injunctive relief preventing Defendants' continued infringement of Plaintiff's rights in the XS Marks.

**THIRD CLAIM FOR RELIEF**

**(Federal Trademark Dilution –15 U.S.C. § 1125(c))**

50. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

51. The XS Marks are inherently distinctive.

52. Based on Plaintiff's continuous and extensive use of the XS Marks, the XS Marks are entitled to be recognized as famous under 15 U.S.C. § 1125(c).

53. Defendants began using in commerce the Infringing XS Marks after Plaintiff's XS Marks became famous.

54. Defendants' unauthorized use of the Infringing XS Marks is likely to cause dilution of the distinctive quality of the XS Marks and the goodwill associated with them, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

55. Plaintiff is informed and believes and thereon alleges that Defendants' actions were willful in nature, in that Defendants willfully intended to trade on Plaintiff's reputation or to dilute the XS Marks.

56. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

57. In addition to monetary damages, Plaintiff is entitled to preliminary and permanent injunctive relief preventing Defendants' continued infringement of Plaintiff's rights in the XS Marks.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**FOURTH CLAIM FOR RELIEF**

**(State Trademark Dilution—NRS 600.435)**

58. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

59. Plaintiff's XS Marks are inherently distinctive or have acquired distinctiveness through Plaintiff's extensive use.

60. Based on Plaintiff's continuous and extensive use of the XS Marks in the State of Nevada, these marks are entitled to be recognized as famous under NRS 600.435(2).

61. Plaintiff is informed and believes and thereon alleges that Defendants began using, in commerce, the Infringing XS Marks after Plaintiff's XS Marks became famous in the State of Nevada.

62. Defendants' unauthorized use of the Infringing XS Marks is likely to cause dilution of the distinctive quality of the XS Marks and the goodwill associated with them, in violation of NRS 600.435(1)(b).

63. Plaintiff is informed and believes and thereon alleges that Defendants' actions are willful in nature, in that Defendants willfully intend to cause dilution of the XS Marks or willfully intends to trade on Plaintiff's reputation.

64. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

65. In addition to monetary damages, costs and attorney's fees, Plaintiff is entitled to preliminary and permanent injunctive relief preventing Defendants' continued infringement of Plaintiff's rights in the XS Marks.

**FIFTH CLAIM FOR RELIEF**

**(Common Law Trademark Infringement)**

66. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

67. By virtue of having used and continuing to use the XS Marks, Plaintiff has acquired common law trademark rights in the marks.

68. Defendants' use of the Infringing XS Marks infringes upon Plaintiff's interest in common law trademark rights in the XS Marks and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendants' services originate from, are affiliated with, or are endorsed by Plaintiff when, in fact, they are not.

69. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

70. In addition to monetary damages, Plaintiff is entitled to preliminary and permanent injunctive relief preventing Defendants' continued infringement of Plaintiff's rights in the XS Marks.

**SIXTH CLAIM FOR RELIEF**

**(Cybersquatting – 15 U.S.C. § 1125(d))**

71. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

72. Defendants have registered, trafficked in and used a domain name that is confusingly similar to and dilutive of the XS Marks, which constitutes cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

73. The XS Marks were distinctive and famous at the time Defendants registered the Infringing Domain Name.

74. Upon information and belief, Defendants have and had a bad faith intent to profit from the XS Marks.

75. As a direct and proximate result of such conduct, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

76. Plaintiff is therefore entitled to preliminary and permanent injunctive relief preventing Defendants' continued infringement of Plaintiff's rights in the XS Marks.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A. A preliminary and permanent injunction prohibiting Defendants, Defendants respective officers, agents, servants, employees and/or all persons acting in concert or participation with Defendants, from (1) using the Infringing XS Marks, confusingly similar variations thereof or any other marks that infringe or dilute Plaintiff's XS Marks, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on websites, in domain names, in hidden text and metatags); and (2) registering or trafficking in any domain names containing the XS Marks or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs;

B. A permanent injunction requiring GoDaddy to transfer the Infringing Domain Name to Plaintiff in accordance with Uniform Domain Name Dispute Resolution Policy Section 3(b) adopted by the Internet Corporation for Assigned Names and Numbers, to which GoDaddy is bound under its Registrar Accreditation Agreement Section 3.8, and which requires GoDaddy to transfer Infringing Domain Name upon court order;

C. Disgorgement of Defendants' profits earned in connection with its use of the Infringing XS Marks;

D. An award of compensatory, consequential, statutory, exemplary, and/or punitive damages to Plaintiff in an amount to be determined at trial;

E. An award of interest, costs and attorneys' fees incurred by Plaintiff in prosecuting this action pursuant to 15 U.S.C. § 1117(a)(3) and NRS 600.430; and

///

///

///

///

///

///

E. All other relief to which Plaintiff is entitled.

DATED this 20th day of June, 2017.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: */s/ Peter H. Ajemian*

PETER H. AJEMIAN, ESQ., Bar No. 9491
pajemian@bhfs.com
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135

*Attorneys for Plaintiff Wynn Resorts Holdings, LLC*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101